UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

WILLI FREE I GARNER,           §
                               §
         Plaintiff,            §
VS.                            §      CIVIL ACTION NO. 2:13-CV-383
                               §
CANDACE MOORE, *et al*,        §
                               §
         Defendants.           §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's § 1983 complaint.  D.E. 1. On April 9, 2014, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that Plaintiff's action be dismissed with prejudice.  D.E. 10.  The Magistrate Judge also recommended that the dismissal be characterized as a strike against Plaintiff for purposes of 28 U.S.C. § 1915(g) on the basis that the complaint is frivolous.  Plaintiff filed his objections on June 9, 2014.  D.E. 15.  Plaintiff's objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff cannot sustain his claim that he was denied access to the courts because he has not suffered an actual injury.[1]  Plaintiff argues that he has established actual injury because he was not able to meet a filing deadline for a matter on appeal in state court.  Plaintiff did not allege

---

[1] To succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

1 / 7

that he failed to meet the state court deadline in his original complaint[2] (D.E. 1), but Plaintiff's objections refer to state court documents which indicate that he failed to timely meet an appeal deadline.  D.E. 15, pp. 20-25.

The pertinent documents indicate that:

(1)     On August 14, 2013, Plaintiff filed a Notice of Appeal from the dismissal of his claims in *Garner v. TDCJ, et al.*, Case No. B-13-1056-CV-A in the 36th Judicial District Court of Bee County, Texas.  The Thirteenth Court of Appeals docketed the appeal as Case No. 13-13-00461-CV.

(2)     On September 12, 2013, Plaintiff filed a motion to extend time to file his brief on appeal.  On September 30, 2013, the Thirteenth Court of Appeals denied the motion as premature.

(3)     On December 10, 2013, the Thirteenth Court of Appeals notified Plaintiff that he had not filed his brief timely and that he had ten days from the date of receipt of the notice to explain his failure to file his brief and demonstrate how the appellee would not be significantly injured were Plaintiff allowed to file his brief late.  (D.E. 15, p. 24).

(4)     On January 16, 2014, the Thirteenth Court of Appeals dismissed Plaintiff's appeal for want of prosecution, noting that Plaintiff had failed to file his appellate brief, respond to the ten-day notice, or in any other manner demonstrate his desire to pursue this appeal.  (D.E. 15, p. 25).

Although this evidence corroborates Plaintiff's claim that he missed a deadline in his state court appeal, Plaintiff fails to establish that any Defendant was responsible for his failure to timely file his brief on appeal.  Moreover, as evidenced in this case, Plaintiff received adequate indigent supplies and law library times throughout 2013.  Accordingly, Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff reurges his complaint that Wardens Davis, Monroe, and Barber (collectively, the Wardens) were aware of Defendant Moore's alleged harassment and

---

[2] Indeed, Plaintiff could not have made such an allegation in his original complaint because when the complaint was filed on November 22, 2013, he had not missed his November 25, 2013 filing deadline for his state court appeal. *See* D.E. 15, p. 24.

repeated refusal to allow Plaintiff access to certain legal materials and facilities, but took no action to remedy the alleged infractions.  Plaintiff argues that the allegations in his complaint against the Wardens are sufficient to withstand dismissal at this juncture because the complaint alleges "a pattern of harassment and [a] practice of capriciously excluding [P]laintiff from the library and filing false [disciplinary] cases in retaliation for his jailhouse lawyer's [*sic*] activities and wearing [an] untucked shirt for medical reasons."  D.E. 15, pp. 12-13.  Plaintiff does not claim that the Wardens were directly involved in the alleged harassment, exclusion, or retaliation; but he claims that they are responsible for prison policymaking and that their inaction amounts to deliberate indifference or tacit authorization which allowed Plaintiff's harm to occur.

There is no vicarious or respondeat superior liability for supervisors under § 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights.  *Roberts v. City of Shreveport*, 387 F.3d 287, 292 (5th Cir. 2005).

As the Magistrate Judge noted, there is ample evidence in the record, in the form of responses to Plaintiff's numerous grievances, which indicates that the Wardens monitored and supervised Defendant Moore and her operation of the law library.  To the extent that Plaintiff is complaining about the fact that the Wardens did not discipline Defendant Moore as Plaintiff believes she should have been, that is not a cognizable basis

for relief.[3]   Because Plaintiff has not shown that the Wardens failed to supervise or train Defendant Moore, he cannot establish a basis for supervisory liability under *Roberts*. Accordingly, Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his retaliation claim.  Plaintiff argues that he has stated a valid claim for retaliation and has created a genuine issue of material fact as to whether Defendants retaliated against him. The Magistrate Judge acknowledged that Plaintiff's allegations, taken as true, state a claim for retaliation.   However, dismissal was recommended because the retaliatory actions complained of were *de minimis,* and none of the actions caused Plaintiff prejudice.  Plaintiff counters that the retaliatory acts he complains of resulted in harms that were more than *de minimis* because they caused Plaintiff to miss an appeal deadline.

A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts or for complaining to a supervisor about a guard's misconduct.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  To state a valid claim for retaliation under § 1983, a plaintiff must allege:  (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation.  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)).  Causation requires the plaintiff to show that but for the retaliatory motive, the adverse act would not have occurred.  *McDonald*, 132 F.3d at 231.

---

[3] A prisoner has no federally protected liberty interest in having his grievances resolved to his satisfaction.  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Some acts, even though they may be motivated by retaliatory intent, do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim because they are so *de minimis* that they would not deter an ordinary person from further exercising his rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). The Fifth Circuit has not defined a bright line rule for what adverse acts breach the *de minimis* threshold in a claim for retaliation; however, the frequency and length of the retaliatory action must be considered. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

As the Magistrate Judge observed, the chronology of events supports Plaintiff's claim of retaliation. However, the acts complained of—limited talking privileges, verbal reprimands, temporary suspension of library privileges, and delays in supply delivery— are *de minimis*. *See e.g., Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (stating that allegations of verbal abuse do not present actionable claims under § 1983); *Garner v. Moore*, 536 Fed. Appx. 446, 451 (5th Cir. 2013) (finding no plain error in the district court's holding that delay in the receipt of supplies was *de minimis*). Moreover, the fact that Plaintiff's library privileges were temporarily suspended cannot form the basis for his retaliation claim because there was a valid reason for the suspension aside from a possibly retaliatory motive—namely, Plaintiff's unwillingness to return the materials when he was instructed to do so the first time—thus negating the but for causation required to establish a claim for retaliation under *Jones* and *McDonald*.

Plaintiff attempts to push his claim beyond the *de minimis* threshold by claiming that the injuries complained of caused him to miss a filing deadline, but that argument cannot be sustained for the reasons discussed above. That is, Plaintiff has not offered

evidence or pleaded facts sufficient to infer it was the actions of Defendants which prevented him from meeting his initial deadline and/or filing his brief within the ten-day grace period.  Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff argues that it is unconstitutional for prisons to prohibit inmates from giving or receiving legal help from other inmates without providing a reasonable alternative.  Specifically, Plaintiff complains that Defendant Moore "has imposed a total ban on [P]laintiff's communication with others needing answers at Plaintiff's table, during a 2 hour session."  D.E. 15, p. 17.

To the extent Plaintiff complains about the harm caused to other inmates because of their inability to seek his guidance, Plaintiff is precluded from bringing such a claim on their behalf.  Further, Plaintiff is not entitled to provide assistance to other inmates in any manner he deems appropriate.  Any assistance and corresponding conversations must comport with TDCJ's policies for giving and receiving legal assistance.  Plaintiff complains that he has been banned from helping inmates at his table.  However, the evidence discloses that per TDCJ policy, there is a specific table in the law library that is designated for talking.  Plaintiff has not pleaded facts indicating that he attempted to help other inmates at the designated table and was disciplined or prohibited from doing so.  Rather, he complains that he was barred from providing assistance at his own table.  Plaintiff does not have a constitutional right to provide assistance without regard for TDCJ policy. Plaintiff's fourth objection is **OVERRULED**.

Finally, Plaintiff objects to the Magistrate Judge's recommendation to count this lawsuit as a third strike for purposes of 28 U.S.C. § 1915(g).  Plaintiff's lawsuit is

frivolous because he has filed at least one previous lawsuit in this Court presenting similar claims and alleging similar facts. *Garner v. Moore*, 2012 WL 1098271 (S.D. Tex. March 8, 2012), *aff'd* 536 Fed. Appx. 446 (5th Cir. 2013). The dismissal of those claims was affirmed by the Fifth Circuit. *See Garner v. Moore*, 536 Fed. Appx. 446 (5th Cir. 2013). Plaintiff's fifth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action (D.E. 1) is **DISMISSED** with prejudice.

Because Plaintiff was granted leave to proceed in forma pauperis in this matter, it is further ordered that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g), and that notice of this dismissal be forwarded to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

ORDERED this 19th day of August, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE